## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 2 8 2008

Clerk, U.S. District and
Bankruptcy Courts

HI-TECH PHARMACAL CO., INC.                  )
)
369 Bayview Avenue                           )
Amityville, New York 11701                   )
)
        Plaintiff,               )
                                                  Case No. _____

        v.                       :
                                             Case: 1:08-cv-01495

UNITED STATES FOOD                           :    Assigned To : Bates, John D.
AND DRUG ADMINISTRATION                      :    Assign. Date : 8/28/2008
                                     Description: Admn. Agency Review

200 Independence Avenue, S.W.                )
Washington, D.C. 20201                       )
)
        Defendant.               )
)

## COMPLAINT

Plaintiff, Hi-Tech Pharmacal Co., Inc. ("Hi-Tech"), alleges as follows:

### Parties

1.     Plaintiff, Hi-Tech, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 369 Bayview Avenue, Amityville, New York 11701.

2.     Defendant, U.S. Food and Drug Administration ("FDA") is an agency within the U.S. Department of Health and Human Services ("HHS"). HHS maintains offices at 200 Independence Avenue, S.W., Washington, D.C. 20201.

## Jurisdiction and Venue

3.      This action arises under the Federal Food, Drug, and Cosmetic Act

("FDC Act"), 21 U.S.C. § 301 *et seq.*, as amended by the Drug Price Competition

and Patent Term Restoration Act of 1984, Pub. L. No 98-417, 98 Stat. 1585 (1984)

(codified as amended at 21 U.S.C. § 355 and 35 U.S.C. § 271) ("Hatch-Waxman

Amendments") and the Medicare Modernization Act of 2003 ("MMA"), Pub. L.

No. 108-173, 117 Stat. 2066 (2003) (codified as amended at 21 U.S.C. § 355 and

35 U.S.C. § 271); the Administrative Procedure Act ("APA"), 5 U.S.C.

§§ 551-559; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202;

28 U.S.C. § 1361. This Court has subject matter jurisdiction under 28 U.S.C.

§§ 1331, 1361, and 1651.

4.      This Court has personal jurisdiction over Defendant because it is

located within this District.

5.      Venue is proper in this District under 28 U.S.C. § 1391(e).

## Nature of the Action

6.      This is an action seeking a declaratory judgment from this Court that

Hi-Tech's Abbreviated New Drug Application ("ANDA") No. 77-847 for

dorzolamide hydrochloride, 2%, and timolol maleate, 0.5%, ophthalmic solution is

entitled to a period of 180-day generic drug market exclusivity and the issuance of

an injunction preventing FDA from granting final marketing approval to any other

company's ANDA for 180 days from and after Hi-Tech commences marketing of

its product, which is expected to be on October 28, 2008.

- 2 -

7.    Hi-Tech submitted ANDA No. 77-847 to FDA in August 2005,

seeking approval to market a generic version of the listed new drug known as

"COSOPT," an ophthalmic product marketed by Merck & Co., Inc. ("Merck").

FDA received the ANDA as of October 11, 2005. Hi-Tech's ANDA was the first

ANDA submitted to FDA containing a Paragraph IV patent certification

challenging the validity of patents listed in FDA's Orange Book claiming

COSOPT. Under the Hatch-Waxman Amendments as modified by the MMA, the

approval of a second ANDA containing a Paragraph IV patent certification may

not be approved until 180 days after the first commercial marketing of the drug by

the first applicant unless the first applicant has forfeited the right to exclusivity.

*See* FDC Act § 505(j)(5)(B)(iv), (21 U.S.C. § 355(j)(5)(B)(iv)). The potential

forfeiture events are defined in section 1102 of the 2003 MMA amendments to the

FDC Act at section 505(j)(5)(D), (21 U.S.C. § 355(j)(5)(D)). In the nearly five

years since the enactment of the forfeiture provisions of the MMA, FDA has

unreasonably delayed and failed to promulgate any regulations, proposed

regulations, guidance, or reasonable procedures for determining if or when a

forfeiture event has occurred or that allow companies adversely affected by an

FDA forfeiture decision to seek timely judicial review of such determinations.

Instead, FDA has adopted an arbitrary and capricious policy of making exclusivity

forfeiture decisions only on the very day that FDA determines that exclusivity is

lost, thereby permanently, irrevocably, and instantaneously adversely affecting the

- 3 -

market and depriving ANDA applicants from any opportunity of meaningful judicial review.

8.    On April 10, 2008, FDA notified Hi-Tech that its ANDA was tentatively approved. Final approval could not be granted because a listed patent for COSOPT, whose validity and enforceability had been upheld by the Courts, did not expire until April 28, 2008, and is subject to a 6-month period of pediatric exclusivity that is scheduled to expire on October 28, 2008. FDA's tentative approval letter failed to address the question of whether Hi-Tech is entitled to 180-day generic drug exclusivity, which could commence on October 28, 2008, when FDA approves ANDA No. 77-847. Hi-Tech intends to begin commercial marketing as soon as FDA approves the ANDA.

9.    On July 11, 2008, Hi-Tech submitted a Memorandum to FDA. The Memorandum sets forth the factual and legal basis for Hi-Tech's claim that it is entitled to, and has not forfeited, 180-day exclusivity. The Memorandum also points out that there is no factual or legal possibility of a forfeiture event from or after August 15, 2008, *i.e.*, from or after 75 days before October 28, 2008, because: (a) a first applicant entitled to 180-day exclusivity has 75 days from certain forfeiture triggering events to enter the market; and (b) the statute granting pediatric exclusivity also prevents generic exclusivity from being lost as a result of pediatric exclusivity. In a further attempt to obtain a decision from FDA, on August 25, 2008, counsel for Hi-Tech met with FDA to further plead for a timely decision from FDA. Based upon that meeting, it is Hi-Tech's understanding that

- 4 -

FDA will render no decision on the 180-day exclusivity until FDA approves an application, which Hi-Tech expects to be no earlier than October 28, 2008.

10.    On July 31, 2008, FDA also granted tentative approval to Apotex, Inc. ("Apotex") for its ANDA No. 78-201, which is also for a generic version of COSOPT. The Apotex ANDA was submitted to FDA on March 29, 2006, long after the Hi-Tech ANDA, and contains a Paragraph IV patent certification with respect to the same patents previously challenged by Hi-Tech. The Hatch-Waxman Amendments expressly prohibit FDA from granting final approval to the Apotex ANDA because of Hi-Tech's right to 180-day generic drug exclusivity. Nevertheless, FDA's tentative approval letter is silent with respect to the date on which Apotex is entitled to final approval.

11.    Congress enacted the forfeiture provisions of the MMA to "close loopholes" in the Hatch-Waxman Amendments. *See* 149 Cong. Rec. S15670-03, S15745 (Nov. 24, 2003) (statement of Sen. Schumer). The MMA addressed a number of problems in the ANDA approval process that had arisen after the Hatch-Waxman Amendments went into effect. Most pertinent, here, the forfeiture provision was enacted "to prevent parking of the exclusivity," the utilization of exclusivity to delay inappropriately the entry onto the market of any generic drug – *i.e.*, when an ANDA applicant delays marketing its own product in order to delay when the 180-day exclusivity will begin to run, thus further delaying other ANDA applicants' ability to market their product. *See* 149 Cong. Rec. S15884 (Nov. 25, 2003). This problem is also referred to as a "bottleneck." *See* 149

- 5 -

Cong. Rec. S15670-03, S15745 (Nov. 24, 2003) (statement of Sen. Schumer) (stating that one purpose of the MMA was to "ensure that the 180-day exclusivity period enjoyed by the first generic to challenge a patent cannot be used as a bottleneck to prevent additional generic competition."). *Id.* at S15746. Such "bottlenecks" could occur when a first generic manufacturer fails to promptly begin commercially marketing its drug product when it is first able to do so. These concerns are not present here because no ANDA applicant has a legal right to market its product until October 28, 2008, and Hi-Tech is ready, willing and able to begin commercial marketing on that date when FDA grants final approval to do so.

12.    Under the MMA forfeiture provisions, a first applicant can forfeit 180-day exclusivity if: (a) there is a failure to market after certain events occur; (b) the ANDA is withdrawn; (c) the ANDA applicant withdraws the patent certifications; (d) the ANDA applicant fails to obtain tentative approval within 30 months; (e) the ANDA applicant enters into an agreement with the patent owner, NDA holder, or another generic applicant that violates the antitrust laws; or (f) the patents subject to the Paragraph IV certification expire. *See* FDC Act § 505(j)(5)(D). It is beyond dispute here that Hi-Tech received tentative approval within 30 months; that its ANDA has not been withdrawn; that the patent certifications have not been withdrawn; that the listed patents have not expired; and that there is no agreement between Merck and Hi-Tech (or Apotex) that would trigger a forfeiture. Moreover, there can be no finding of a "failure to market"

- 6 -

under the MMA forfeiture provisions because there is no legal right to market

prior to October 28, 2008, as a result of the 6-month period of pediatric

exclusivity. Further, the same statute that granted Merck pediatric exclusivity

prevents Hi-Tech from losing generic exclusivity while pediatric exclusivity is

running. Finally, as previously noted, under the failure to market provisions no

forfeiture can possibly occur between mid-August 2008 and October 28, 2008,

because an applicant has 75 days to commence marketing from the date of a

forfeiture triggering event. Accordingly, unless a forfeiture has already occurred,

which is not the case, there is no possibility of forfeiture between now and

October 28, 2008. The issue of forfeiture is and has been ripe for determination

and the sole effect of FDA's failure to make such a determination is to stifle and

frustrate judicial review of any such determination.

       13.     On May 7, 2008, FDA issued a final agency decision concerning

Cobalt Pharmaceuticals, Inc.'s ("Cobalt's") eligibility for 180-day exclusivity for

Acarbose Tablets under ANDA No. 77-532 (hereafter the "FDA Acarbose

Decision") in which it concluded that Cobalt had forfeited its 180-day exclusivity.

The FDA Acarbose Decision misinterpreted the MMA's "failure to market"

forfeiture provisions as well as prior precedents of this Circuit including the

decision in *Ranbaxy v. Leavitt*, 469 F.3d 120 (D.C. Cir. 2006), and, if incorrectly

applied to the vastly different facts present here could result in the wrongful denial

of 180-day exclusivity to Hi-Tech thereby causing permanent and irreparable harm

to Hi-Tech without a fair opportunity for judicial review.

14.     In rendering the FDA Acarbose Decision, FDA simultaneously
approved a second generic applicant for immediate marketing thereby depriving
Cobalt from seeking effective judicial review. The effect of a second approval
was to cause the simultaneous launch of two competing generic products, thereby
permanently depriving Cobalt of a period of exclusivity irrespective of the merits
of its claim to exclusivity. Hi-Tech seeks a declaratory adjudication here in order
to prevent a recurrence of the clear denial of due process and the right to judicial
review that Cobalt was denied because of FDA's arbitrary action in connection
with the FDA Acarbose Decision.

15.     According to FDA's own published estimates, during a period of
180-day exclusivity, a generic version of a branded drug product will normally sell
at 94% of the brand price, but the price will drop to 52% of the brand price once a
second generic drug is approved. *See* http://www.fda.gov/cder/ogd/
generic_competition.htm. Annual sales of COSOPT are in excess of $300 million.
Hi-Tech is a small company. Last year, Hi Tech's revenues for all products for
the entire year were about $60 million. For a company whose entire revenues last
year were $60 million, eligibility for 180-day exclusivity in a $300 million market
represents an enormous opportunity, and unlawful deprivation of that exclusivity,
by an incorrect and unreviewable decision by FDA would result in very significant
decreases in sales and profits for a company Hi-Tech's size. By postponing any
decision on exclusivity until October 28, 2008, and then simultaneously approving
two ANDAs for immediate marketing, FDA will permanently destroy the

- 8 -

economic value of exclusivity and permanently deprive Hi Tech of those profits;
even if a Court subsequently determines that the denial of exclusivity was arbitrary
and capricious or contrary to law. This is so because Apotex has demonstrated the
ability and inclination to immediately "flood" the market when it obtains ANDA
approval from FDA. Significantly, an unlawful decision to permit Apotex to also
launch its product on October 28, 2008, would not put two generic manufacturers
on equal footing. Apotex truly is a Goliath to Hi-Tech's David. On information
and belief, Apotex's revenues are more than ten times those of Hi-Tech and its
operational infrastructure is similarly orders of magnitude larger than Hi-Tech's.
Thus, an unlawful decision by FDA could result in Apotex taking much of the
generic market from Hi-Tech, and once those customers have generic COSOPT,
that harm cannot be undone. In addition, FDA is immune from suit for damages
suffered by Hi-Tech as a result of any unlawful approval of Apotex's ANDA, and
Apotex incurs no liability for selling product with FDA's approval even though
that approval was wrongful. Clearly, a court ruling is the only recourse available
to Hi-Tech to obtain a determination of its rights in a manner that will prevent
irreparable injury.

16.     Even prior to October 28, 2008, FDA's failure to make a
determination concerning Hi-Tech's 180-day exclusivity is causing immediate
harm to Hi-Tech because Hi-Tech is being compelled to make critical investment
decisions regarding the acquisition of raw materials, build-up of inventory and
other expensive pre-marketing activities without knowing whether it will have

- 9 -

exclusivity, or be in competition with Apotex. These investments and commitments could produce substantial economic effects for Hi-Tech if FDA renders a last minute adverse decision on exclusivity.

17.    The failure of FDA to issue regulations or make timely adjudications on legal questions of generic exclusivity that apply to numerous applications, and which would permit reasonable judicial review and scrutiny is arbitrary and capricious and contrary to law and constitutes a fundamental denial of due process. It also completely undermines the basic policy objective of the Hatch-Waxman Amendments in encouraging generic applicants to challenge weak patents in order to stimulate early competition which leads to lower drug prices for consumers. If ANDA applicants are kept in the dark about their rights until the last minute and have no effective recourse to the court, they will not make the investments necessary to mount generic challenges or the substantial investments to build inventory and engage in lawful pre-market activities. Orderly markets are critically dependent on FDA resolving issues of exclusivity at the earliest possible moment and in allowing the courts time to exercise their appropriate role in reviewing agency action that is arbitrary and capricious or contrary to law. A declaration that Hi-Tech has not forfeited its eligibility for 180-day exclusivity is necessary and proper now because there is an actual and justiciable controversy that is ripe for decision – namely, whether Hi-Tech is entitled to 180-day exclusivity under the Hatch-Waxman Amendments to the FDC Act, as amended by the MMA.

18.    Given FDA's unreasonable delay and refusal to address this issue, and the irreparable injury that Hi-Tech could suffer in the absence of a timely declaration of its rights, and the clear factual and legal issues presented, a speedy declaration of Hi-Tech's rights by this Court is appropriate.

## Count I (Declaratory Judgment)

### Declaration Sought

WHEREFORE, Hi-Tech respectfully prays that this Honorable Court:

(a)    Declare Hi-Tech is entitled to a period of 180-day generic market exclusivity;

(b)    Issue a temporary and permanent injunction barring FDA from approving a second ANDA for a generic version of COSOPT until Hi-Tech enjoys the benefit of a 180-day period of exclusive marketing; and

(c)    Grant such other and further relief as the Honorable Court deems just and proper.

## Count III (Mandamus)

19.    The allegations in paragraphs 1-18 are in incorporated by reference.

20.    Pursuant to Rule 81(b) and 28 U.S.C. § 1361, this Court should compel FDA to comply with the law.

Dated:  August 27, 2008                Respectfully submitted,

HI-TECH PHARMACAL CO., INC.

By:

John R. Fleder (D.C. Bar No. 176123)
Robert A. Dormer (D.C. Bar No. 267641)
J.P. Ellison (D.C. Bar No. 477931)
Kurt R. Karst (D.C. Bar No. 482615)
Hyman, Phelps & McNamara, P.C.
700 13th Street, N.W., Suite 1200
Washington, D.C.  20005
Phone:    (202) 737-5600
Fax:       (202) 737-9329

*Attorneys for Plaintiff*

# CIVIL COVER SHEET

08-1495
JDB

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Hi-Tech Pharmacal Co., Inc.   8888 8 | U.S. Food and Drug Administration |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ____Suffolk____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Hyman, Phelps & McNamara, P.C.
700 13th Street, N.W., Suite 1200
Washington, D.C. 20005
(202) 737-5600

Case: 1:08-cv-01495
Assigned To : Bates, John D.
Assign. Date : 8/28/2008
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◉ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3/

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. sec. 2201, Declaratory Judgment Action, 21 U.S.C. sec. 301 et seq, Hatch Waxman Amendments to FDC Act, 5 U.S.C. sec. 706, APA

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ **JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐   NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  8/27/08     SIGNATURE OF ATTORNEY OF RECORD  *J. P. Ellis*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.